## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| REBECCA LIVINGSTON, )<br>                            **Plaintiff,**  )<br>    v.                                   )<br>                                       )<br>MICHAEL J. ASTRUE,             )<br>COMMISSIONER OF SOCIAL )<br>SECURITY,                          )<br>                       **Defendant.**  ) | Case No. 06-2179 |

## REPORT AND RECOMMENDATION

Following the Court's Order (#12) granting Plaintiff's Motion for Summary Judgment and remanding the case to the Commissioner of Social Security, Plaintiff timely filed Plaintiff's Petition for Attorney Fees (#14). The petition is supported by a memorandum. Defendant filed Defendant's Opposition to Plaintiff's Motion for Attorney Fees Under the EAJA (#16). Defendant conceded that Plaintiff is a prevailing party and that the fees requested are reasonable. However, Defendant asserts that its position is substantially justified and therefore, fees are not properly awarded.

28 U.S.C. § 2412(d)(1)(A) directs the award of attorney fees "unless the Court finds that the position of the United States was substantially justified . . . ." Here, the undersigned believes that the position of the United States was substantially justified and therefore, no award of fees is proper.

Both parties point to *Pierce v. Underwood*, 487 U.S. 552 (1988) for the definition of substantial justification. The Court must determine if the position taken by the Commissioner was justified to a degree that could satisfy a reasonable person.

The aforementioned Order (#12) adopted a Report and Recommendation (#11) that had been filed by the undersigned. The Court found that the Administrative Law Judge (ALJ) did not commit reversible error in failing to comply with SSR 03-2p in the evaluation of Plaintiff's reflex sympathetic dystrophy/complex regional pain syndrome. The Court did agree with

Plaintiff's other claims of error in its decision to remand.  With respect to the areas where the Court disagreed with the ALJ, a few points should be noted.  The Report and Recommendation took issue with certain language used by the ALJ which left the Court unable to perform meaningful review of the decision.  For example, in the section of the Report and Recommendation discussing the issue of Plaintiff's depression, the Court noted, "the ALJ's language in addressing the functional area of concentration, persistence, or pace is sufficiently confusing that the Court cannot perform a meaningful review of the ALJ's decision."  The Court's difficulty in performing its review function does not support a conclusion that the position of the United States was not substantially justified.  To put it another way, the Court's need for clarification of the ALJ's reasoning does not suggest that the ALJ was unreasonable.

In that portion of the Report and Recommendation dealing with the hypothetical questions posed to the vocational expert, the Court again found problems with the vagueness of the language.  Finally, with respect to the area of limitations related to Plaintiff's right upper extremity, the Court found that the ALJ had not adequately addressed the issue of limitations on Plaintiff's ability to reach.

The essence of the Court's criticism of the ALJ's decision was the vagueness of the language that prevented meaningful review.  This conclusion was reached after lengthy consideration and one draft of a Report and Recommendation calling for affirmance of the ALJ.  Under those circumstances and given the nature of the basis for the remand, the undersigned is of the opinion that the position of the United States was substantially justified.

Accordingly, it is my recommendation pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Petition for Attorney Fees **(#14)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 7th day of July, 2008.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE