UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REBECCA LIVINGSTON,            )
                               )
          Plaintiff,           )    06-2179
                               )
     v.                        )
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security, )
                               )
          Defendant.           )

ORDER

    The plaintiff, Rebecca Livingston, commenced this case to seek judicial review of the defendant's denial of social security benefits.  On January 24, 2008, United States Magistrate Judge David G. Bernthal issued his report and recommendation to grant the plaintiff's motion for summary judgment and remand the case to the Commissioner of Social Security.  The defendant did not file an objection.  On February 13, 2008, the court accepted the report and recommendation and remanded the case for further proceedings.

    On May 7, 2008, the plaintiff filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  The Commissioner filed a memorandum in opposition, and Judge Bernthal issued a report and recommendation to deny the motion, finding the government's decision to defend the ALJ's determination to be substantially justified.  Judge Bernthal noted that the recommendation to remand was based on "the vagueness of the [ALJ's] language that prevented meaningful review."

    The plaintiff filed an objection, and the Commissioner filed a response.  The plaintiff argues that "the ALJ could have written a factually and legally defensible decision" but did not.  Therefore, according to the plaintiff, "the Commissioner's decision to defend the ALJ's decision in this case was not substantially justified."  The defendant argues that its position was substantially justified, pointing to the fact that Judge Bernthal reached his recommendation to remand "after lengthy consideration and one draft of a Report and Recommendation calling for affirmance of the ALJ."  Resp. at 3; d/e 19 (*quoting* R&R at 2; d/e 17).

    "The ALJ's decision is considered part of the Commissioner's pre-litigation conduct." *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006) .  "Attorneys' fees may be awarded if . . . the Commissioner's pre-litigation conduct . . . lack[s] substantial justification." *Cunningham*, 440 F.3d at 863.

    In *Cunningham*, the Seventh Circuit found the Commissioner's decision to be

substantially justified. However, in *Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004), the Seventh Circuit found the Commissioner's conduct to lack substantial justification and an award of attorney fees to be appropriate. The two cases are factually distinguishable. "The ALJ's decision in *Golembiewski* contained several significant flaws that are not present in Cunningham's case." *Cunningham*, 440 F.3d at 864. In *Cunningham*, the ALJ simply "failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865. "The situation in *Golembiewski* is too far removed from Cunningham's to lead to the same result." *Cunningham*, 440 F.3d at 864. Livingston's case is more closely analogous to *Cunningham* than *Golembiewski*.

The court accepts Judge Bernthal's report and recommendation [17]. The plaintiff's motion for attorney fees [14] is denied.

Entered this 27th day of August, 2008.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE